IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTONIO VALENTINO FARRELL,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-3000 |
| | : | |
| **COURTNEY RESTEMAYER,** *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**MCHUGH, J.**                                                                                                               **JULY 22, 2025**

Antonio Valentino Farrell, a prisoner incarcerated at Coweta County Jail in Newman, Georgia, filed this civil rights action along with an application to proceed *in forma pauperis* naming as Defendants Lancaster County Assistant District Attorney Courtney Restemayer, Judge Jeffrey D. Wright, Judge Witkonis, Police Officer Brandon McCommick,[1] and "Bail Administration." For the following reasons, leave to proceed *in forma pauperis* will be granted and the Complaint will be dismissed.

**I.      FACTUAL ALLEGATIONS**[2]

Mr. Farrell's allegations are repetitive, conclusory, and at times difficult to understand. He alleges that he was charged on May 10 or 11, 2023 with conspiracy "for a buy and walk sell for less than a gram of cocaine." (Compl. at 5.) On May 22, he was harassed by "officers,"

---

[1] Although Farrell spells the Defendant's name "McCommick," it is listed in public records as "McCormick." To be consistent, the Court will use the spelling in the Complaint.

[2] The factual allegations are taken from Farrell's Complaint (ECF No. 2). The Court adopts the sequential pagination assigned by the CM/ECF docketing system. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed. The Court may consider matters of public record when conducting a screening under § 1915. *Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

apparently during a traffic stop. (*Id*.) He did not immediately stop the SUV he was driving but pulled his car over in an area where there were street cameras "due to police brutality." (*Id*.) He was taken out of his car and saw an officer "do a fake search hit on the SUV by the K-9 dog." (*Id*.) He was taken to the police station where he was strip searched but allowed to leave after one hour without being fingerprinted and with no citation issued. (*Id*.) He claims that if officers found anything in the car, he "would've been booked in the system" and arraigned. (*Id.*) He also could not get the SUV back because it "was a rental" and the agreement was not in his name. (*Id*.) Farrell was subsequently arrested on June 10 for the May 10, 2023 drug charge and bail was set at $700,000, which he claims was excessive. (*Id*. at 5, 12)

Mr. Farrell had a bail hearing on August 2, 2023 where it was mentioned that the "test lab result was not back during the duration of my bond hearing." (*Id*. at 6.) ADA Restemayer could not answer his attorney's question whether "the evidence [was] breadcrumbs or bars of soap," but requested the court to put Farrell on special bail conditions. (*Id*.) The judge declined to impose the conditions and Restemayer "was upset from that moment forward [and] acted out of code of conduct" and committed perjury. (*Id*.) Farrell posted bail and on August 3, and notified the "bail administration," the clerk of court, and the bail bondsman where he would be living. (*Id*.) He claims that Restemayer and Defendant Judge Wright gave him a weekly court date for miscellaneous hearings "for months." (*Id*.) He claims he filed a federal lawsuit and "that's when the retaliation started getting worse."[3] (*Id*.)

---

[3] The Court notes that there is no record of Farrell filing a lawsuit in the United States District Court for the Eastern District of Pennsylvania prior to the present action, filed in June 2025.

At a hearing on December 19, 2023, Mr. Farrell saw Restemayer "holding a deep conversation with Judge Witkonis."[4] (*Id*. at 4, 6, 12.)  Witkonis allegedly denied Farrell's request for counsel and told him he had to represent himself.  (*Id*. at 4, 6.)  Farrell alleges that Judge Witkonis conspired with Restemayer to misuse legal process, deny him counsel, and allow her to introduce fraudulent evidence.  (*Id*. at 4.)  He claims that all of the evidence presented "was a lie." (*Id*. at 6.)  He also claims that he was not fingerprinted and booked the day he was stopped as a "trick" to make the "court date look like I had police contact so [Restemayer] could file a motion to revoke[his] bail." (*Id*.)

On January 4, 2024, Farrell was shot by a man with delusional mental health issues "going from state to state executing people." (*Id*. at 6, 12.)  On February 2, 2024, Farrell was given a court date to revoke his bail, allegedly arising from a November 2023 "police contact which was a lie."[5] (*Id*. at 6.)  He claims the police contact occurred on May 22, 2023 and Restemayer changed the date of the police contact and manipulated paperwork in order to "secure a conviction and get what she [had] been wanting in my bond hearing . . . which was

---

[4] Public records indicate that Judge Witkonis conducted a bail hearing on that date in *Commonwealth v. Farrell*, CP-36-CR-0005517-2023 (C.P. Lancaster).  The docket indicates that Farrell acted *pro se* in the case until March 25, 2025 when privately retained counsel entered an appearance in the case.

[5] The docket in *Commonwealth v. Farrell*, CP-36-CR-0002909-2023 (C.P. Lancaster), indicates that Judge Wright conducted a bail hearing on February 2, 2024 based on the Commonwealth's motion to revoke bail.  The motion and a "Notice of Intent" were docketed by the Commonwealth on January 23, 2024 in anticipation of the bail hearing.  The motion was granted on the same day as the hearing, February 2, 2025.
The dockets in both *Commonwealth v. Farrell*, CP-36-CR-0002908-2023 (C.P. Lancaster) and *Commonwealth v. Farrell*, CP-36-CR-0002909-2023 (C.P. Lancaster) indicate that Commonwealth filed an entirely different motion to revoke bail on July 23, 2024.  An order revoking bail was granted the same day.  It appears that Farrell is referring only to the February 2, 2024 bail hearing in CP-36-CR-0002909-2023.

house arrest." (*Id*. at 6-7.) She conspired with "the judges to make her job successful" and acted vindictively using official oppression. (*Id*. at 7.) She allegedly lied about his involvement with "a drug deal gone bad" after detectives in Maryland, where Farrell suffered the gunshot wound, contacted her and Defendant Brandon McCommick. (*Id*.)

He claims he was the victim of prosecutorial vindictiveness, official repression, and the misuse of legal process. (*Id*. at 5.) He asserts that ADA Restemayer "acted out of a color code"[6] to committed fraud by manipulating paperwork, tampering with dates, filing false affidavits, making false claims, introducing fraudulent evidence, and purposely tried to send mail to wrong addresses so that he would miss a court date and have his bail revoked. (*Id*.) She allegedly conspired with Judge Wright and Officer McCommick to entrap him and secure a conviction. (*Id*. at 7-8.)

Judge Wright allegedly acted "out of a color code" to engaged in a conspiracy to commit extrinsic fraud, by allowing Restemayer to "override substantial evidence" that he presented to the courts about the truth and Judge Wright threatened him in violation of his free speech rights when he told Farrell that the only reason he was not going to prison that day was because he "came to court." (*Id*. at 8.) Farrell was placed on house arrest, allegedly based on false information, and because Judge Wright "purposely looked over the truth and committed fraud" in reckless disregard for the truth and was acted in a biased manner because Farrell told him "that he was earwigging in his kangaroo courtroom." (*Id*.) Farrell sought Judge Wright's recusal and Wright allegedly said he could do whatever he wanted in his courtroom. (*Id*.) Wright allegedly made the "Bail Administration" cause him to lose his job, caused him "self inflicted trauma," and denied him a right to properly investigate his case. (*Id*.) Judge Wright

---

[6] The meaning of this phrase, which Farrell uses several times, is unclear.

also put on an "unlawful list called back up trail [sic] where you have to be in court everyday until your name was called entrapping people to miss court on purpose to secure a conviction and commited perjury." (*Id*. at 8, 12.)

Police Officer Brandon McCommick is alleged to be corrupt based on an encounter he had with Farrell in 2019 when McCommick attacked him with "his police gang members." (*Id*. at 9.) Farrell claims that McCommick planted a gun on an unidentified man in Lancaster, which was reported in the newspaper. (*Id*.) He also "acted out of a color code" to secure a conviction, commit perjury, lie and conspire with Restemayer to misuse legal process, introduce fraudulent evidence, intentionally delay proceedings, and plant drugs to secure a conviction. (*Id*.) Farrell states that he is "in a huge corruption ring of unethical, unlawful officers that [are] committing the real crimes." (*Id*.) Defendant Bail Administration also "acted out of color code of conduct" because Farrell was not allowed "to go out to get evidence of [his] case" – presumably a reference to his being on house arrest – that effected his ability to put on a defense, interfered with his mental health appointments, and ability to go to job interviews. (*Id*. at 10.) He could not go to the library to look at discovery or pay back his wife's credit card charges involving his bail. (*Id*.) Farrell witnessed an unnamed bail administration supervisor "talk to the Judge" and overheard him said that "if he sneeze wrong lock him up." (*Id*.) He claims he was harassed and disrespected by bail administration officers, and when he called an administrator to complain that his life and family life were in danger, the person hung up, told him to stop calling, and to come into the office. (*Id*.) As a result of these events, Farrell has incurred self-inflicted trauma, PTSD, depression, financial loss, arrest, suffered an accident that left him paralyzed for five days, has back problems, takes medicine for his mental health issues, and fears for his life. As relief on his

claims, he wants all charges against him dismissed, an immediate release from custody, an investigation, and money damages of $1.6 billion. (*Id*. at 14-15.)

   A review of publicly available records shows that Mr. Farrell has been charged with several crimes in Lancaster County and suffered at least one conviction. In *Commonwealth v. Farrell*, CP-36-CR- 0631-2020 (C.P. Lancaster), Farrell was convicted by way of a guilty plea to drug offenses and providing a false identification on January 29, 2021. Judge Witkonis conducted the arraignment in that case and McCommick was the arresting officer. In *Commonwealth v. Farrell*, CP-36-CR-2909-2023 and CP-36-CR-2908-2023 (C.P. Lancaster), Farrell is awaiting trial before Judge Wright on charges of manufacture, delivery, or possession with intent to manufacture or deliver controlled substances, conspiracy, and the criminal use of a communications facility, stemming from an arrest on July 3, 2023 in Lancaster by Officer McCommick. Judge Witkonis conducted the arraignment in that case. In *Commonwealth v. Farrell*, CP-36-CR-5517-2023 (C.P. Lancaster), he is awaiting trial before Judge Wright on charges of fleeing or attempting to allude an officer, use/possession of drug paraphernalia, and traffic violations stemming from an arrest in Lancaster. Judge Witkonis conducted the arraignment in that case. In *Commonwealth v. Farrell*, CP-36-CR-3370-2024 (C.P. Lancaster), he is awaiting trial before Judge Wright on charges filed on July 12, 2024 of aggravated assault to cause serious bodily injury, conspiracy, simple assault, and other charges stemming from an arrest in Manheim Township. The Lancaster County District Attorney's Office represents the Commonwealth in each of the cases. In all but the last case, CP-36-CR-3370-2024, the dockets indicate that Farrell is represented by privately retained counsel.

II.     **STANDARD OF REVIEW**

The Court grants Mr. Farrell leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[7] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Farrell is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other

---

[7] Because Farrell is a prisoner, he must still pay the $350 filing fee for this case in installments as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915.

litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III. DISCUSSION

Mr. Farrell asserts constitutional claims against the Defendants in their individual and official capacities. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A.    **Dismissal of Charges and Release from Custody**

As part of the relief he seeks in this case, Farrell asks the Court to dismiss the charges pending against him in state court and order his release from custody. This is not the kind of relief available for a § 1983 claim. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action (citing *Preiser*, 411 U.S. at 500)); *Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of

the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus."). Accordingly, Mr. Farrell's request to have the charges dropped an to be released from confinement will be dismissed. *See Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies."). His request that the Court order an investigation is also not proper relief on § 1983 claims. *See Fuchs v. Mercer Cnty.*, 260 F. App'x 472, 475 (3d Cir. 2008) (stating that, "generally, '[t]here is no statutory or common law right, much less a constitutional right, to [such] an investigation'" (quoting *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007)); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (observing that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")).

### B. Claims Against Judges

Mr. Farrell's claims against Judges Wright and Witkonis are not plausible. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a

court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Because all of the acts Mr. Farrell attributes to Judges Wright and Witkonis were taken in their judicial capacities in actions over which they clearly could exercise jurisdiction, the § 1983 claims against them are dismissed with prejudice.

   **C.**  **Claims Against ADA Restemayer**

  The § 1983 claims against ADA Restemayer are also not plausible. Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity extends to the decision to initiate a prosecution, *id.* at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020); *see also id.* at 164 (prosecutors were entitled to immunity from claims based on allegations "that at hearings and at trial the Prosecutors withheld material exculpatory evidence from defense counsel, the court, and the jury; filed a criminal complaint without probable cause; and committed perjury before and during trial"). Moreover, District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their

role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009).

Absolute immunity can extend to "the duties of the prosecutor . . . involv[ing] actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Mancini v. Lester*, 630 F.2d 990, 994 n.6 (3d Cir. 1980) (quoting *Imbler*, 424 U.S. at 431 n.33). This means prosecutors also enjoy absolute immunity from suits challenging their preliminary "strategic decisions," such as whether or not to call a witness, or their decision not to prosecute a case. *Harris v. Krasner*, 110 F.4th 192 (3d Cir. 2024).

Mr. Farrell alleges claims based on Restemayer's involvement in his criminal cases representing the Commonwealth. He claims Restemayer could not answer his attorney's question about the drug evidence during a hearing; requested the court to put Farrell on special bail conditions; convinced Judge Wright to give him weekly court dates for miscellaneous hearings; conspired with Judge Witkonis to misuse legal process, deny him counsel, and allow her to introduce fraudulent evidence; engaged in prosecutorial vindictiveness, official repression, and the misuse of legal process; manipulated paperwork, tampered with evidence, made false claims, introduced false evidence; and conspired with Judge Wright and Officer McCommick to entrap him and secure a conviction. Each of these acts fall within the protection of prosecutorial immunity because they involve the representation of the Commonwealth.

Notably, Farrell also alleges that Restemayer "acted out of a color code" to, among other things, send mail to wrong addresses so that he would miss a court date and have his bail revoked. Mailing Farrell a notice in his criminal case is also a representative act taken in Restemayer's capacity as an attorney for the Commonwealth, *but see Odd v. Malone*, 538 F.3d 202, 214-15 (3rd Cir. 2008) (failure to notify the court that detained witnesses were no longer

11

necessary "required no advocacy" and was solely "administrative"), and therefore falls within of the umbrella of immunity provided to prosecutors.[8] But even if it did not, the United States Supreme Court has held that § 1983 claims may not be predicated on a state actor's mere negligence. *See Canton v. Harris,* 489 U.S. 378, 387 (1989) (holding that mere negligence in training cannot form basis of § 1983 liability); *Daniels v. Williams,* 474 U.S. 327, 328 (1986) (holding that official's mere negligence is not actionable under § 1983 because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"). Misaddressing mail is at best negligent conduct and thus of no constitutional import. *See, e.g., David v. Deberry*, No. 23-713, 2023 WL 11920610, at *2 (N.D. Ga. Feb. 21, 2023) ("At most, Defendant may have been negligent in misaddressing Plaintiff's legal mail, but a claim of negligence is insufficient to state a claim under § 1983."), *report and recommendation adopted*, 2023 WL 11920604 (N.D. Ga. Apr. 17, 2023). Accordingly, all claims against Restemayer are dismissed with prejudice.

  **D. Officer McCommick**

  McCommick is alleged have attacked Mr. Farrell in 2019 with "his police gang members" (Compl. at 9), planted a gun on an unidentified man in Lancaster, "acted out of a color code" to secure a conviction, commit perjury, lie and conspire with Restemayer to misuse legal process, introduce fraudulent evidence, intentionally delay proceedings, and plant drugs to secure a conviction. (*Id*.) The Court notes that the only public docket reflecting a conviction in Lancaster County is Farrell's still valid conviction in 2020 in *Commonwealth v. Farrell*, CP-36-CR-0000631-2020 (C.P. Lancaster) for drug offenses. The arrest occurred in 2019 and

---

[8] It is also unclear from the docket whether Restemayer mailed the notice or whether the notice scheduling the hearing was mailed by the Court of Common Pleas.

McCommick is listed as the arresting officer for the case. Farrell also states that McCommick is "in a huge corruption ring of unethical, unlawful officers that [are] committing the real crimes." (*Id*.) These claims are also not plausible.

First, Mr. Farrell may not assert a claim on behalf of the unidentified man on whom McCommick planted evidence or anyone else that may have been a victim of McCommick's "huge corruption ring." Although an individual may represent himself *pro se*, a non-attorney may not assert a claim for another party in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Neither would Farrell have standing to allege a claim based on the injury to a third person nor to raise a generalized grievance about government actors. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) (*per curiam*) ("[A] plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." (quotations omitted)).

Second, any claim that McCommick attacked Farrell in 2019 must be dismissed because it is untimely. The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Farrell's Complaint was filed on June 10, 2025, well beyond the two-year period and is thus untimely on its face. *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("A complaint is subject to dismissal for failure to state a claim

on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint.").

  Finally, any claim with regard to the 2020 conviction based upon McCommick committing perjury and conspiring with Restemayer to misuse legal process, introduce fraudulent evidence, intentionally delay proceedings, and plant drugs cannot proceed. The Court understands Farrell to be asserting a Fourth Amendment § 1983 claim for malicious prosecution.[9] A malicious prosecution claim under § 1983 has five elements: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007). That a "valid" crime was also charged along with the charge that ended in the plaintiff's favor does not create a categorical bar to a claim. *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 563 (2024) ("The question here is whether a Fourth Amendment malicious-prosecution claim may succeed when a baseless charge is accompanied

---

[9] Because the 2020 conviction has not been overturned on appeal or otherwise impugned, to the extent that Farrell also attempts to raise a due process claim based on fabricated evidence used to gain the 2020 conviction, that claim would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" (footnote and citation omitted)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

by a valid charge. . . . Consistent with both the Fourth Amendment and traditional common-law practice, courts should evaluate suits like Chiaverini's *charge by charge*." (emphasis added)).  A "favorable termination" occurs when a prosecution ends "without a conviction." *Thompson v. Clark*, 596 U. S. 36, 49 (2022) ("In sum, we hold that a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence.  A plaintiff need only show that the criminal prosecution ended without a conviction.")).  As the public record in CP-36-CR-0000631-2020 reflects that Farrell's conviction remains intact and he was convicted on all charges, the favorable termination element of the malicious prosecution claim is missing, rendering it implausible.

Nonetheless, there may some other conviction expunged from the public record that the Court is unable to identify and for which there is a favorable termination upon which Farrell may allege a plausible claim.  Because of this possibility, the Court will permit Farrell an opportunity to file an amended complaint to identify a charge resulting in a favorable termination upon which to base a malicious prosecution claim against McCommick.[10]

---

[10] Mr. Farrell named McCommick, and all other Defendants, in his individual as well as official capacity by checking boxes on the form he used.  He appears not to have understood the implication of checking the official capacity box.  Claims against municipal employees such as McCommick named in their official capacity are indistinguishable from claims against the governmental entity that employs the Defendant, here the City of Lancaster.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

To state a claim for municipal liability, a plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).  McCommick fails to allege that he suffered a constitutional

15

### E. Bail Administration

Farrell names "Bail Administration" as a Defendant, asserting that it "acted out of color code of conduct" because he was presumably confined to house arrest and could not get evidence for his case. Farrell also claims that he witnessed an unnamed bail administration supervisor "talk to the Judge" and overheard the person say, "if he sneeze wrong lock him up." The claims against Bail Administration for money damages cannot proceed.

"Bail Administration" in Lancaster County is a reference to the Court of Common Pleas, specifically its Adult Probation office. *See* https://www.court.co.lancaster.pa.us/137/Bail-Administration (last viewed July 14, 2025). The Lancaster County Court of Common Pleas is part of Pennsylvania's unified judicial system and an agency of the Commonwealth. The Commonwealth and its agencies are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against the Commonwealth and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Because the Court of Common Pleas shares in the Commonwealth's Eleventh Amendment immunity, *see Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005), claims against the Lancaster County Court of Common Pleas, including its Bail Administration office, are barred by the Eleventh Amendment.

---

violation due to a policy or custom of the City of Lancaster. Accordingly, his official capacity claim against McCommick is not plausible and must be dismissed without prejudice. Should he opt to amend, Farrell should be cognizant of the distinction between the two types of claims.

## IV. CONCLUSION

For the reasons stated, all of Mr. Farrell's claims are dismissed with prejudice except the following claims that are dismissed without prejudice: (1) any claim seeking *habeas corpus* relief; and (2) any malicious prosecution claim against Defendant McCommick based on a charge that resulted in a favorable termination. Mr. Farrell may not reassert a *habeas corpus* claim in this case but must file a separate petition for writ of *habeas corpus* to challenge his continued confinement. *See* 28 U.S.C. §§ 2241, 2254. Farrell may file an amended complaint for this case with regard to the malicious prosecution claim against McCommick only. An order dismissing the Complaint and providing further information on amendment will be entered separately.

BY THE COURT:

/s/ Gerald Austin McHugh

**GERALD A. MCHUGH, J.**